Polyclad v. MacDermid                    CV-99-162-M    07/22/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Polyclad Laminates, Inc., and
Fry Metals, Inc.; d/b/a
PC Fab Division of Alpha Metals, Inc.,
     Plaintiffs

     v.                                          Civil No. 99-162-M

MacDermid, Incorporated,
     Defendant


**O R D E R**


     Federal patent law preemption in this case is limited — the state tortious interference with existing and prospective contractual relations claim is preempted only if "as applied" that state law conflicts with federal patent law.  Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1335 (Fed. Cir. 1998).  "Accordingly, in a case involving a patent holder's conduct in obtaining or publicizing its patent, if the plaintiff were to fail to allege that the defendant patent holder was guilty of fraudulent conduct before the PTO or bad faith [in the market place] in the publication of the patent, then the complaint would be dismissed for failure to state a claim upon which relief can be granted because of federal preemption."  Hunter, at 1336.

     Here, defendant's second counterclaim fails to meet the pleading requirements described in Hunter as necessary to avoid preemption.  Defendant argues, in effect, that much should be read into its choice of general pleading terms, but the second

count cannot be stretched as far as defendant says. To remain viable, the second counterclaim must fairly plead facts supporting an articulated claim that the tortious interference at issue included a patent-law predicate, e.g. that the patent holder engaged in fraud before the PTO, or that the patent holder engaged in bad faith in the marketplace in publicizing the patent (e.g. they had no good faith belief that the patents were valid, or enforceable, or were being infringed).

Because the second counterclaim cannot fairly be read to include allegations necessary to avoid federal preemption, plaintiff' motion to dismiss is hereby <u>GRANTED</u>, but without prejudice to defendant filing a motion to add a new counterclaim containing the requisite allegations (if it can do so consistently with the requirements of Federal Rule of Civil Procedure 11).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 22, 1999

cc: Michael Lenehan, Esq.
    Howard J. Susser, Esq.
    Daniel J. Gleason, Esq.

2